# CIVIL COVER SHEET

JS 44 (Rev. 10/20)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAREN NICHELSON

## DEFENDANTS
SEPTA

**(b)** County of Residence of First Listed Plaintiff: Camden, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona, 2156250330
P.O. Box 3326, Cherry Hill, NJ 08034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Rights Act, Title VII, 42 USC Section 2000e-5 et seq

Brief description of cause:
Retaliation for engaging in protected activities

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 4/21/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **Sicklerville, NJ**

Address of Defendant: **1234 Market Street, Philadelphia, PA 19107**

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **04/21/2021** _____ **57026**
*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Olugbenga Abiona, Esq.**, counsel of record or pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: **04/21/2021** _____ **57026**
*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN NICHELSON<br>   Plaintiff,<br>vs.<br>SEPTA<br>   Defendant | CIVIL ACTION No. |

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), of rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Civil Rights Act, Title VII and the Pennsylvania Human Relations Act, (PHRA), which prohibit retaliation because an employee engages in protected activities under these statutes, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate retaliatory actions by SEPTA.

**II. JURISDICTION AND VENUE**

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. On March 1, 2021, the United States EEOC issued Plaintiff a right to sue letter to take her claims to court. (See attached copy).

1

5.  The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

### III. PARTIES

6.  Plaintiff, Karen Nichelson is a citizen of the United States, who currently resides in Sicklerville, New Jersey.

7.  Defendant, SEPTA, is a municipal agency, with its offices located at 1234 Market Street, Philadelphia, PA 19107.

### IV. BRIEF STATEMENT OF FACTS

8.  Plaintiff has been employed with SEPTA for about 20 years.

9.  On or about February 10, 2008, Plaintiff was promoted to the position of Transportation Manager.

10. On or about March 11, 2019, Plaintiff filed a Charge of race and sex discrimination against SEPTA with the EEOC under Charge Number 530-2019-02523, where she complained of racially and gender motivated disciplinary action taken against her by SEPTA's Assistant Director Michelle Norman, Director Michael Lyles and Senior Director Brian Naldzin.

11. Plaintiff had complained that her Caucasian colleague, John Middlebrook and Hispanic colleague, Carlos Guillen, were been treated more favorably than her by her supervisors with regards to application of disciplinary actions.

12. On January 18, 2020, at approximately 10:40am, Michelle Norman sent Plaintiff home midway through her shift, resulting in loss of 2 hours of pay that day to Plaintiff. Plaintiff was denied due process, suspended on the spot, without any proper investigation, but based on assumptions.

13. On January 27, 2020, Supervisor Leon Wakefield was back filling as Chief Car 10. Plaintiff told him that she may have to leave because she had an appointment. Bill Thornton

2

called Plaintiff on her personal device yelling in her ear, stating; "Is it something that you want to tell me?" Plaintiff put the phone on speaker inside Car 24,, and heard Bill Thornton state, "Nick we ain't doing this…you need to go through me, I'm in charge of the time around here". Plaintiff never had any problem leaving early prior to this incident.

14. On or about January 29, 2020, Michelle Norman went to Plaintiff's work location, Car 24/ Frankford Terminal. She had papers with her, a written warning/suspension issued to Plaintiff. Norma threw these papers on Plaintiff's desk, in an antagonistic manner, and told Plaintiff to sign them. Norman then stated, "It don't (sic) matter whether you sign them or not it's going in your file…I told you that you can't win!"

15. Following this incident, Plaintiff was repeatedly skipped over for overtime for months, losing income.

16. On about the end of January 2020, Plaintiff asked Mike Lyles for her years of service Certificate. Plaintiff told Lyles that she had almost 20 years of service soon and never received her 5,10, and 15 years of service certificate like everybody else. Lyle responded, "You'll get them; that's if I don't fire you first!"

17. On February 13, 2020, Plaintiff filed an EEO/AA complaint of retaliatory harassment, disciplinary actions, denial of overtime and suspension with SEPTA's EEO/AA/ER Department. Plaintiff had contacted SEPTA's EEO Department and left voice messages on March 2019 and January 2020 regarding the treatment she was receiving from her supervisors, but received no response.

18. On Saturday, February 22, 2020, approximately 6:58am, Plaintiff was instructed via her personal device of an RDT at FTC. Plaintiff's location at the time was Oxford Valley Mall. There was a Car 21 that day, Pamela Terrell, which FTC would have been her zone to handle the

job. Plaintiff accepted the assignment although she was approximately a half hour away. All the vehicles have GPS on them and the Chief supervisors are able to see the Transportation Manager's location.

19. On February 28, 2020 an appeal hearing of Norman's disciplinary action was conducted, with Laila Burns, a member of SEPTA's EEO/AA/ER Office present. At this hearing Burns told Plaintiff that Michelle Norman "has the final say in this manner… It's final… And this is the last step of grieving this incident". Burns had a smirk on her face at the time she made this comment to Plaintiff.

20. Plaintiff was persistently subjected to retaliatory actions by her supervisors that were condoned by SEPTA's EEO Department.

21. On March 1, 2020, a job was given out by control center on Verree Road and Bloomfield, and another supervisor had already accepted the assignment; Plaintiff gave her location of Oxford Valley Mall. However, Bill Thornton called Plaintiff's personal cell phone yelling and stating, "Drop down and go to that job!" although this location was not at Plaintiff's work zone.

22. On March 9, 2020 at approximately 11:07a.m., Chief O'Connell called Car 31 Jay Carter. He told Kevin to stand by but did not have him go home.

23. On March 11, 2020, at approximately 10:20 a.m., Michelle Norman called Plaintiff over the air and requested Plaintiff to meet her at the blockers booth, where she told Plaintiff to sign her decision of Plaintiff's appeal hearing. Plaintiff signed and noted that she didn't agree with the decision. Norman stated to Plaintiff, with the intent to humiliate her, "I told you before you can't win", and drove away.

24. Plaintiff was continuously denied overtime and started being excluded from events, meet up after work, parties that SEPTA was having for Managers that Plaintiff was previously invited to.

25. On March 18, 2020, Michelle Norman and Mike Lyles called Plaintiff over the air. Mike Lyles then called the booth stating, "I need you to come up to Wyoming". Plaintiff told him that she was not working up there and that she was Car 24 that day. Lyle stated, "I'm giving you a direct order to be here in 20 minutes!" Plaintiff drove her personal car to 3rd and Wyoming. Andrea Boardley was also in Lyle's office. He stated "when your Chief tells you to do something you do it. If you don't like it around here you know what you can do". Mike Lyles stated, "From this day forward you are not to go to Oxford Valley mall unless you are called to go there period". Plaintiff asked, "Why not, that's my zone?" Lyle yelled, "Because I said so!"

26. On April 27, 2020, Plaintiff's first day back after being quarantined, Plaintiff asked her supervisors for the PPE supplies. Bill Thornton stated, "I don't know... now who are you going to call to represent you now. Folger is gone".

27. On May 13, 2020, at approximately 1:30 p.m., Bill Thornton came on the air and thanked several managers who worked the Terminal during the Covid-19 pandemic. He mentioned several managers' names and purposely didn't mention Plaintiff's name, who was also working the Terminal during the Covid-19 pandemic.

28. On July 17, 2020, at approximately 7:32 a.m., a job came out at Penn & Pratt Streets Terminal area. Bill Thornton called Plaintiff's personal phone and told her to go to the job although and he stated that there was a terminal supervisor already at the scene. Plaintiff then called the new Senior Director Tom Marcucci to inform him of the ongoing harassment Plaintiff was being subjected to by upper management. Marcucci stated that he would to talk to Bill

5

Thornton. But told Plaintiff she should just go to the job. At about 10:24 a.m. same day, Plaintiff received another call from Bill Thornton, yelling and saying, "Why did you tell Tommy that I treat you unfair… You're always starting shit".

29. On July 23, 2020, at approximately 9:20 a.m., out of nowhere, Plaintiff received a call from Chief Kevin O'Connell, who told Plaintiff to stay out of the Terminal. Plaintiff asked if someone had lodged a complaint against her. But O'Connell said, "No, I'm telling you just stay out of the Terminal.

30. Following Plaintiff's protected activities under the applicable statutes she was subjected to persistent animosity and antagonistic conduct by her supervisors. Plaintiff asserts that she has been subjected to retaliatory harassment and hostile work environment, retaliatory disciplinary actions and suspension, retaliatory denial of overtime and work assignments in violation of Title VII and the PHRA because she engaged in protected activities under these statutes.

## V. STATEMENT OF CLAIMS

### COUNT ONE – TITLE VII VIOLATION – RETALIATION

31. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 30 above as if the same were fully set forth at length herein.

32. The acts and conduct of the Defendant SEPTA, through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant subjected Plaintiff to retaliatory harassment and hostile work environment, retaliatory disciplinary actions and suspension, retaliatory denial of overtime and work assignments were violations of Plaintiff's rights under the Civil Rights Act, Title VII.

33. As a direct result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay,

loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT TWO – PHRA VIOLATION – RETALIATION

34. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 33 above as if the same were fully set forth at length herein.

35. The acts and conduct of the Defendant SEPTA, through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant subjected Plaintiff to retaliatory harassment and hostile work environment, retaliatory disciplinary actions and suspension, retaliatory denial of overtime and work assignments were violations of Plaintiff's rights under the PHRA.

36. As a direct result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

VI. **<u>PRAYER FOR RELIEF</u>**

Wherefore, Plaintiff respectfully demands judgment against Defendant, and requests that this Honorable Court:

A. Enter judgment against the Defendant for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

7

B.  Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

                                                             Olugbenga O. Abiona
                                                             ABIONA LAW, PLLC
                                                             P.O. Box 3326
                                                          Cherry Hill, NJ 08034
                                                             (215) 625-0330
                                                            Attorney ID # 57026
                                                            Attorney for Plaintiff

Dated:  April 21, 2021